**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joel HERNANDEZ, Defendant–
Appellant.**

**No. 05–20607
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District Of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District Of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Joel Hernandez appeals his conviction for being an alien in possession of a firearm. He argues that the statute of conviction, 18 U.S.C. § 922(g)(5), is facially unconstitutional and, in the alternative, that the statute is unconstitutional as applied because the factual basis of his plea failed to establish the interstate commerce element.

Hernandez concedes that his constitutional challenge is foreclosed by circuit precedent, and he raises it only to preserve its further review by the Supreme Court. We have indeed held that "the constitutionality of § 922(g) is not open to question," *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001) (internal quotation marks omitted), and, additionally, that the Government need only establish that the firearm was manufactured out of state to satisfy the interstate commerce element of the offense. *See United States v. Guidry,* 406 F.3d 314, 318–19 (5th Cir.), *cert. denied,* ⸺ U.S. ⸺, 126 S.Ct. 190, 163 L.Ed.2d 198 (2005).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.